UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE WITT,<br>9409 Paul Drive<br>Clinton, Maryland 20735<br><br>ETHEL J. BATTLE-LEE,<br>4824 Fort Totten Drive, NE Apt. #303<br>Washington, DC 20011<br><br>JOE JOHNSON,<br>12406 Marleigh Drive<br>Bowie, Maryland 20720<br><br>SHERRIE CHAPMAN,<br>1208 Marshall Lane<br>Waldorf, MD 20602<br><br>and<br><br>BEVERLY ADAMS,<br>1718 Brightseat Road, Apt. #102<br>Landover, Maryland 20785<br>v.<br><br>PLAINTIFFS,<br><br>AMERICAN HEALTH CARE<br>ASSOCIATION, 1201 L Street, NW<br>Washington, DC 20005<br><br>DEFENDANT. | DEMAND FOR<br>JURY TRIAL<br><br>CIVIL ACTION NO. |

## COMPLAINT

1. This suit is brought to obtain and secure rights to equal employment opportunities granted by the 42 U.S.C. §1981 and by the District of Columbia Human Rights Act, D.C. Code §2-1401, et seq.

2. This Court has jurisdiction under 28 U.S.C. 1331, 1343 and 1367. This Court has venue under 28 U.S.C. 1391.

## FACTS

3. Defendant American Health Care Association (hereinafter AHCA) is a non-profit corporation with hundreds of employees whose principal place of business is Washington, D.C. AHCA is an employer within the meaning of the District of Columbia Human Rights Act.

4. The five named Plaintiffs are African-American and all are or were employees of AHCA who are or were employed in the Washington, D.C. office.

5. Plaintiff Andre Witt was the Director of Operations at AHCA and is a resident of Maryland.

6. Plaintiff Ethel J. Battle-Lee is an Advertising Sales/Production Manager at AHCA and a resident of the District of Columbia.

7. Plaintiff Joe Johnson was the Director of Information Technology at AHCA and a resident of Maryland.

8. Plaintiff Sherrie Chapman is a Manager in Accounts Payable at AHCA and a resident of Maryland.

9. Plaintiff Beverly Adams is a Manager at AHCA and a resident of Maryland.

10. Plaintiffs Battle-Lee, Adams and Chapman are employees of AHCA under 42 U.S.C. §1981 and the District of Columbia Human Rights Act, D.C. Code § 1401.02(9). Plaintiffs Witt and Johnson were employees of AHCA under 42 U.S.C. §1981 and the District of Columbia Human Rights Act, D.C. Code § 1401.02(9).

11. Plaintiffs Battle Lee and Witt filed a race discrimination lawsuit in 1996 against AHCA, which suit was resolved without final decree.

12. Plaintiffs delivered a Confidential Memorandum on June 23, 2006 to AHCA's Chief Operating Officer alleging discriminatory practices within AHCA.

13. The memorandum asserted that there is a "glass ceiling" for African-Americans working at AHCA and that AHCA discriminates against such employees in other ways.

14. The Chief Operating Officer met with the named Plaintiffs in August 2006.

15. Plaintiffs Witt and Johnson met with the President of AHCA on approximately eight occasions between June and December 2006 and were assured that "changes would be made."

16. As of this date, however, no changes have been made within AHCA to adjust the pay for African-American employees by making it equal to the pay for White employees at AHCA with whom they have similar job responsibilities, to provide African-Americans the same job titles given to their White employees performing the same tasks, to provide promotions for African-American employees or to end the retaliatory conduct by AHCA against African-Americans when they have complained of discriminatory conduct.

17. African-American employees are not provided the same employment opportunities as White employees are provided for advancement of their careers within AHCA.

18. African-American employees are not given the same assignments as White employees and the assignments to them do not provide them with the same opportunities for promotions within AHCA as are afforded White employees.

19. African-Americans employees who have the same job skills, responsibilities, years of experience at AHCA and are otherwise at least as well qualified as their White colleagues are not paid as well as the White employees at AHCA.

20. African-American employees are not given the same job title as their White colleagues though they have the same duties, are performing the same tasks and have the same skill levels.

21. Plaintiff Andre Witt was the lowest paid department head earning $16,000 less than the next lowest paid department head, who is White, and the only department head with the title of Director and not Vice-President or Senior Director.

22. AHCA granted Plaintiff Witt the responsibilities of a Sr. Director or Vice President. Mr. Witt was responsible for telecommunications, property management, production, purchasing and budgets for those divisions and security.

23. After Plaintiff Witt moved to a new position in AHCA and his responsibilities increased, AHCA did not increase his pay.

24. Mr. Witt has resigned his position with AHCA as a result his belief that he did not have an opportunity for advancement within AHCA because of its discriminatory and retaliatory practices.

25. On May 4, 2005 Mr. Witt complained to the Vice-President of Administration and Finance about the discrepancies in pay, job assignments and treatment for African-American employees.

26. Mr. Witt has been retaliated against by AHCA for making complaints about racism within AHCA. The Defendant withheld projects and other opportunities from Mr. Witt not enabling him to perform his duties as a Director.

27. Penny Prue, an African-American, was fired by AHCA after making complaints about racism to the Vice President of Administration and Finance.

28. Plaintiff Ethel J. Battle-Lee has worked at AHCA since 1986. Plaintiff Battle-Lee asserts that she is underpaid and wants the same title given to White employees performing the same tasks and having the same job responsibilities. The change in job title would increase her pay to that of AHCA's White employees performing similar tasks and having similar responsibilities. She also wants to be assigned job opportunities that White employees are assigned so that she too may develop and enhance her career within AHCA.

29. When Plaintiff Battle-Lee has asked for her title to be changed she has not been given a response or explanation as to why it has not changed. When she has asked for additional assignments they were not provided and there was no reason provided as to why they were not provided. Plaintiff Battle-Lee asserts that she has been denied promotions, change in job title for several years and job opportunities because of race discrimination.

30. Plaintiff Joe Johnson began working at AHCA as a consultant in March 2001 and accepted a permanent position in June 2001. He did not have a college degree when he was hired for this position. He worked at AHCA through August 2006. Mr. Johnson was the Director of Information Technology.

31. When Mr. Johnson applied for a permanent position within AHCA there were two job announcements for the position. One announcement stated that a college degree was necessary and one stated that experience could take the place of a college degree.

32. While working at AHCA Plaintiff Johnson had the responsibility of two people but was not promoted while White employees with the same skills were promoted to become a Sr. Director or Vice-President.

33. Plaintiff Johnson met with other senior officials of AHCA in August 2006 after meeting with AHCA's Chief Operating Officer and President. One of senior official advised Mr. Johnson that AHCA could fire him for not having a college degree. Plaintiff. Johnson believed he had no other alternative but to resign from his position rather than be terminated. See Paragraphs 14 and 15.

34. Plaintiff Sherrie Chapman has worked at AHCA since 1996. She has not been given the same opportunities for promotion within ACHA as her White colleagues.

35. Ms. Chapman was retaliated against by AHCA after she assisted in writing the letter to the Chief Operating Officer in June 2006 by withholding job opportunities and assignments from her. See Paragraph 12.

36. Ms. Beverly Adams has worked at AHCA since 1999. Ms. Adams has never been advised on why she had the title of supervisor and not manager for several years. AHCA did not change her title to Manager until March 2007. White managers are paid at a higher grade but they are performing the same tasks as Ms. Adams. She has not had opportunities for career development because of the retaliation her immediate manager Mr. Witt experienced. Assignments were not available to her because AHCA officials

did not authorize Mr. Witt to undertake them and give to his employees opportunities for advancement.

37. AHCA is aware of the Plaintiffs concerns but has not instituted a change in policy and procedure.

38. Plaintiffs Witt and Johnson would like to return to AHCA and receive salaries at the same level as others in the Washington, D.C. area with the same years of experience and skills.

## COUNT 1
### 42 U.S.C. §1981 VIOLATION and RETALIATION

39. The allegations incorporated in paragraphs 1 through 38 are hereby incorporated by reference.

40. Defendant purposefully discriminated against Plaintiffs Witt, Battle-Lee, Chapman, Adams and Johnson by not promoting them and not providing them same assignments and opportunities for career advancement that were provided to White employees.

41. Defendant purposefully discriminated against the Plaintiffs Witt, Battle-Lee, Chapman, Adams and Johnson by not providing them with the same pay as the Defendant provided to White employees with the same duties, experience and job skills at AHCA.

42. Defendant purposefully discriminated against the Plaintiffs Witt, Battle-Lee, Chapman, Adams and Johnson by not providing the Plaintiffs with the same job title as White employees performing the same tasks and having the same responsibilities at AHCA causing the Plaintiffs to earn less pay.

43. Defendant retaliated against Plaintiffs Witt, Battle-Lee, Chapman, Adams and Johnson by withholding opportunities for advancement within AHCA.

44. Defendant retaliated against Plaintiff Johnson by constructively discharging him by making threats to terminate his employment after he and other Plaintiffs made complaints to senior officials about discriminatory practices within AHCA. See Paragraphs 14 and 15.

WHEREFORE, Plaintiffs pray for:

(a) Promotions within AHCA commensurate with their job skills, responsibilities and experience within AHCA;

(b) Permanent injunction from using Quatt & Associates pay ranges because the harm caused to the Plaintiffs by being paid less than White employees will continue if Quatt is allowed to continue to determine the pay range for employees at AHCA.

(c) Defendant should hire an independent consultant to determine the pay ranges for the Plaintiffs and make the Plaintiffs employee records from Quatt & Associates available to the Plaintiffs still employed with AHCA;

(d) An award of damages to Plaintiffs for the loss of income each of them has suffered including loss of fringe benefits and pre-judgment interest;

(e) Punitive damages;

(f) Costs of litigation including attorneys' fees and expert witness fees; and

(g) Such other relief as may be just and proper.

## COUNT 2
D.C. HUMAN RIGHTS ACT VIOLATION, D.C. Code §2-1401

45. The allegations incorporated in paragraphs 1 through 38 are hereby incorporated by reference.

46. Defendant an association within the District of Columbia is discriminating against Plaintiffs Battle-Lee, Chapman and Adams and discriminated against Plaintiffs Witt and Johnson by not promoting them, not providing opportunities for career advancement, not providing the same job titles, not providing them with the same pay and not providing them with the same assignments provided to White employees with the same job skills, years of experience and responsibilities at AHCA.

47. Defendant's conduct has had a discriminatory impact and treatment towards all Plaintiffs.

48. The lack of promotions, job opportunities and the lower pay for all Plaintiffs, even if not purposeful, has had a discriminatory effect and was not based upon business necessity.

48. Defendant retaliated against Plaintiffs Witt, Chapman, Adams and Battle-Lee by withholding opportunities for advancement within AHCA.

50. Defendant retaliated against Plaintiff Johnson by making threats to terminate his employment after he made complaints with other Plaintiffs to senior officials about discriminatory practices within AHCA.

51. Defendant caused emotional distress to Plaintiffs because of its discriminatory practices.

WHEREFORE, Plaintiffs pray for:

(a) Promotions within AHCA commensurate with their job skills, responsibilities and experience within AHCA;

(b) Defendant should hire on a semi-annual basis an independent investigator to ensure that Equal Employment Opportunities in pay and promotions are being provided to minority employees at AHCA;

(c) An award of damages to Plaintiffs for the loss of income each of them has suffered including loss of fringe benefits and pre-judgment interest;

(d) Punitive damages;

(e) Costs of litigation including attorneys' fees and expert witness fees; and

(f) Such other relief as may be just and proper.

Plaintiffs demand a trial by jury.

Respectfully submitted,

_/s/ David L. Rose_
David L. Rose (DCB 376379)
1320 19th Street, NW
Suite 601
Washington, DC 20036
(202) 331-8555
Daver@roselawyers.com
Attorneys for Plaintiffs

## I (a) PLAINTIFFS

Andre Witt, Ethel Lee, Sherrie Chapman, Joe Johnson and Beverly Adams

## DEFENDANTS

American Health Care Association

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David L. Rose
1320 19th Street, NW
Suite 601
Washington, DC 20036

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**       OR       ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

|   | G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|---|
|   | ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

|   | K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|---|
|   | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 1981 Employment discrimination in promotions and pay

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ _____  JURY DEMAND: YES ☒ NO ☐  Check YES only if demanded in complaint

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☒  NO ☐  If yes, please complete related case form.

DATE Jun 25, 2007   SIGNATURE OF ATTORNEY OF RECORD  *David L. Rose*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.