**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ANDRE WITT, SHERRIE CHAPMAN,    :
JOE JOHNSON, BEVERLY ADAMS     :
AND ETHEL J. BATTLE-LEE       :
                                      :
            Plaintiffs,      :
                                      :
        v.                  : Civil Case No. 1:07-cv-01128 HHK
                                        :
AMERICAN HEALTH CARE        :
ASSOCIATION                 :
                                      :
            Defendants.     :

## DEFENDANT'S ANSWER AND COUNTERCLAIM

Defendant American Health Care Association ("AHCA") through its undersigned

counsel, submits the following Answer to the Complaint filed by the Plaintiffs:

Defendant states as follows with respect to each of the correspondingly numbered

paragraphs of the Complaint:

1.      Paragraph 1 states a legal conclusion to which no response is required.

2.      Paragraph 2 states a legal conclusion to which no response is required.

3.      Defendant admits that AHCA is a non-profit corporation and that its sole place of

business is Washington, D.C.  Defendant denies that AHCA has hundreds of employees.  The

final sentence of Paragraph 3 contains a legal conclusion to which no response is required.

4.      Admitted.

5.      Defendant denies the averment in Paragraph 5 as phrased.  Defendant states that

Plaintiff Witt's title was Director, Building and Facilities Operations.  Upon information and

belief, Defendant admits that Plaintiff Witt is a resident of Maryland.

6.      Defendant denies the averment in Paragraph 6 as phrased.  Defendant states that Plaintiff Battle-Lee's title is Manager, Provider Production.  Upon information and belief, Defendant admits that Plaintiff Battle-Lee is a resident of the District of Columbia.

7.      Defendant denies the averment in Paragraph 7 as phrased.  Defendant admits that Plaintiff Johnson was the Director, Information Technology.  Upon information and belief, Defendant admits that Plaintiff Johnson is a resident of Maryland.

8.      Defendant denies the averment in Paragraph 8 as phrased.  Defendant states that Plaintiff Chapman's title is Manager, Accounts Payable.  Upon information and belief, Defendant admits that Plaintiff Chapman is a resident of Maryland.

9.      Defendant denies the averment in Paragraph 9 as phrased.  Defendant states that Plaintiff Adams is Manager, Production and Mail Center.  Upon information and belief, Defendant admits that Plaintiff Adams is a resident of Maryland.

10.      Paragraph 10 states a legal conclusion to which no response is required.

11.      Defendant admits that Plaintiffs Battle-Lee and Witt filed a race discrimination lawsuit against Defendant in 1996.  Defendant also admits that the lawsuit was resolved without a final decree; however, Defendant avers that the 1996 lawsuit bears no relationship to the present Complaint.

12.      Admitted.

13.      Defendant denies the averment as phrased.  Defendant states that the memorandum in question referenced a glass ceiling for "minorities," not African-Americans.  The term "African-Americans" does not appear in the memorandum at all.

14.    Admitted.  Defendant further states that AHCA's Chief Operating Officer met and otherwise communicated with the named Plaintiffs on multiple occasions during the months of June through October 2006.

15.    Defendant denies the averment, which is misleading as phrased.  Defendant admits that AHCA's President and Chief Executive Officer, at various times came into contact with and, on at least one occasion met with, the named Plaintiffs during the period June through December 2006.  Defendant states that its President and Chief Executive Officer, who assumed his office during a membership crisis at AHCA, told employees commencing in August 2005 that he would be making changes both internally and externally in the organization for the benefit of dues-paying members.  The President and Chief Executive Officer did not talk about or make reference to the personal position of any of the Plaintiffs in these discussions.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Defendant denies that Plaintiff Witt was the only department head with the title of "director" and not "vice president" or "senior director."  Defendant also denies the remaining allegations in Paragraph 21 as phrased.  Defendant states that pay and job titles were objectively determined by a nationally-recognized wage consultant, who did not know the race of the employee occupying any position for which it performed an assessment.  In addition, Defendant alleges that, across the entire organization, so-called "department heads" do not have identical job responsibilities, skills, educational backgrounds, job grades or levels of compensation.

693549v1                                        3

22.     Denied.

23.     Denied.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff Witt's motivations for resigning his position, and therefore, denies these averments.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Defendant admits that Plaintiff Battle-Lee has worked at AHCA since 1986. Defendant denies that Plaintiff Battle-Lee is underpaid. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, and therefore denies same.

29.     Denied.

30.     Admitted. Defendant further states that Plaintiff Johnson certified in the employment application he submitted to AHCA that he had a college degree when, in fact, he did not have a college degree.

31.     Denied.

32.     Denied.

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments regarding "other senior officials" with whom Plaintiff Johnson allegedly met in August 2006; thus, Defendant denies these averments. Defendant also denies the remaining averment in Paragraph 33.

34.     Defendant admits Plaintiff Chapman has worked at AHCA since 1996.
Defendant denies the remaining allegation in Paragraph 34.

35.     Denied.

36.     Defendant admits Plaintiff Adams has worked at AHCA since 1999.  Defendant
denies the second sentence of Paragraph 36 as phrased, and affirmatively states that Plaintiff
Adams's title of "supervisor" was proper, and was changed at Plaintiff Adams's express request.
Defendant denies the remaining averment in Paragraph 36.

37.     Denied.

38.     Defendant is without knowledge or information sufficient to form a belief as to
the truth of the asserted desires of Plaintiffs Witt and Johnson, and therefore denies same.


COUNT 1

39.     Defendant incorporates by reference its responses to Paragraphs 1 through 38 as
though fully set forth.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

COUNT 2

45.     Defendant incorporates by reference its responses to Paragraphs 1 through 44 as
though fully set forth.

46.     Denied.

47.    Denied.

48.    Denied.

48.    [There are two paragraphs numbered 48]  Denied.

50.    Denied.

51.    Denied.

### First Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations.

### Second Affirmative Defense

Defendant denies each and every allegation of the Complaint not expressly admitted.

### Third Affirmative Defense

This Court should exercise its discretion to deny supplemental jurisdiction over the Plaintiffs' state law claims.

### Fourth Affirmative Defense

Plaintiffs have failed to mitigate their alleged damages.

### Fifth Affirmative Defense

Plaintiffs are barred by laches.

### Sixth Affirmative Defense

Plaintiffs are estopped from bringing this suit.

### Other Affirmative Defenses

Defendant reserves the right to raise other defenses, including affirmative defenses, if, as, and when appropriate.

WHEREFORE, having fully answered the Complaint, Defendant respectfully requests that the Complaint be dismissed with prejudice, that Defendant be awarded its attorney's fees and

costs, together with such other and further relief as the Court deems just and appropriate under the circumstances.

## COUNTERCLAIM

AHCA sues Plaintiffs/Counterdefendants and states as follows:

1.      Plaintiffs/Counterdefendants are all current or former employees of AHCA.

2.      As employees, the Plaintiffs/Counterdefendants owed a duty of loyalty to their employer, AHCA.

3.      In addition to her duty of loyalty, Plaintiff/Counterdefendant Chapman, as Manager, Accounts Payable, owed a fiduciary duty to AHCA that required her to maintain the confidentiality of certain financial information for which she was responsible.

4.      On or about May 10, 2007, Plaintiffs/Counterdefendants' counsel provided Defendant/Counterplaintiff's counsel with copies of AHCA documents containing confidential information, such as employees' social security numbers, salary and benefits information, as well as attorney-client privileged information from AHCA's corporate counsel (collectively "the documents"). The documents include a chart listing the salaries and names of every employee and officer of AHCA (the "salary chart"); a payroll report listing the social security numbers, names, salaries, and 401K contributions of all AHCA employees and officers (the "payroll chart"); a time detail report from AHCA's corporate counsel, Reed Smith LLP, containing attorney-client privileged entries regarding telephone conversations between AHCA officers and counsel (the "attorney bill"); and a group insurance premium statement containing social security numbers, insurance and salary information (the "insurance statement"). The documents also include an accounts payable statement listing invoice amounts for various vendors (the "accounts

payable statement") and a visitor sign-in log from AHCA's reception area, which is maintained exclusively for security purposes (the "visitor log").

5.      Although all of the documents are confidential records belonging to AHCA, Plaintiff/Counterdefendant Chapman had access to and was authorized to view the "attorney bill" and the "accounts payable statement" in the course of her duties. Plaintiff/Counterdefendant Witt had access to the "insurance statement" and the "accounts payable statement" and had access to as well as was authorized to view the "visitor log" while he was employed at AHCA and in the course of his duties. However, Plaintiffs/Counterdefendants Witt and Chapman did not have authorization to take these documents or to use them in any way not directly related to their duties as AHCA employees. None of the other Plaintiffs/Counterdefendants were authorized to see or possess any of the documents. Finally, none of the Plaintiffs/ Counterdefendants, including Ms. Chapman and Mr. Witt, had authorization to see or possess the "salary chart" or the "payroll chart."

6.      Upon information and belief, Plaintiff/Counterdefendant Chapman, in the course of exercising her job responsibilities, misappropriated originals or copies of the "attorney bill" and the "accounts payable statement," without authorization, and in breach of her duties of loyalty and confidentiality to AHCA.

7.      Upon information and belief, Plaintiff/Counterdefendant Witt misappropriated originals or copies of the "accounts payable statement," the "insurance statement," and the "visitor log," without authorization, and in breach of his duty of loyalty to AHCA.

8.      Upon information and belief, Plaintiffs/Counterdefendants agreed to misappropriate confidential documents and information from AHCA by improper means in order to further their own purposes. Plaintiffs/Counterdefendants have falsely accused AHCA of

discrimination and misappropriated the documents, which they believe support those claims, to derive monetary gains.

9.      If certain information in the documents becomes public, including employee social security numbers, AHCA could face significant liability.

## COUNT I
**Conspiracy**

10.     The allegations in Paragraphs 1 through 9 are hereby incorporated by reference.

11.     Upon information and belief, Plaintiffs/Counterdefendants agreed to misappropriate and/or use confidential documents of AHCA, without authority and without AHCA's consent, in violation of their duty of loyalty to Defendant/Counterplaintiff and in bad faith.

12.     Upon information and belief, Plaintiff/Counterdefendants did, in fact, misappropriate and/or use the documents without AHCA's authorization or consent pursuant to, and in furtherance of, their common scheme to pursue a lawsuit against AHCA.

13.     AHCA suffered legal damages from such conduct.

**WHEREFORE**, Defendant/Counterplaintiff requests that the Plaintiffs/ Counterdefendants be enjoined from using and further distributing any documents not obtained through authorized means; damages in such amount as may be proved at trial; prejudgment interest, costs and reasonable attorneys' fees; exemplary damages in such amount as may be appropriate; and such additional relief as the court deems proper.

## COUNT II
**Breach of Duty of Loyalty**

14.     The allegations in Paragraphs 1 through 9 are hereby incorporated by reference.

15.    Plaintiffs/Counterdefendants had a duty to act solely for the benefit of Defendant/Counterplaintiff in all matters within the scope of their employment and to avoid conflicts of interest between this duty and their own self interest.

16.    Plaintiffs/Counterdefendants breached such duty by misappropriating and/or conspiring to misappropriate or use Defendant/Counterplaintiff's confidential property in order to further their own interests and not those of the Defendant/Counterplaintiff and in bad faith.

17.    Defendant/Counterplaintiff was harmed by this breach of duty.

**WHEREFORE**, Defendant/Counterplaintiff requests that the Plaintiffs/Counterdefendants be enjoined from using and further distributing any documents not obtained through authorized means; damages in such amount as may be proved at trial; prejudgment interest, costs and reasonable attorneys' fees; exemplary damages in such amount as may be appropriate; and such additional relief as the court deems proper.

<u>COUNT III</u>
**Breach of Fiduciary Duty**
(Plaintiff/Counterdefendant Chapman)

18.    The allegations in Paragraphs 1 through 9 are hereby incorporated by reference.

19.    As AHCA's Manager, Accounts Payable, Plaintiff/Counterdefendant Chapman had a fiduciary duty to maintain the confidentiality of documents she accessed in the course of her employment.

20.    Upon information and belief, Plaintiff/Counterdefendant Chapman breached this duty by misappropriating and sharing confidential documents with unauthorized individuals, including the other Plaintiffs/Counterdefendants, and their counsel, in bad faith and knowing that she had no consent or authority from AHCA to use or disseminate the documents outside the scope of her duties for AHCA.

21.    Defendant/Counterplaintiff was harmed by this breach of duty.

**WHEREFORE**, Defendant/Counterplaintiff requests that Plaintiff/Counterdefendant Chapman be enjoined from using and further distributing any documents not obtained through authorized means; damages in such amount as may be proved at trial; prejudgment interest, costs and reasonable attorneys' fees; exemplary damages in such amount as may be appropriate; and such additional relief as the court deems proper.

Respectfully submitted,

_____/s/_____
Stanley J. Reed (Bar # 39270)
William A. Goldberg (Bar # 477534)
Lerch, Early & Brewer, Chartered
3 Bethesda Metro Center, Suite #460
Bethesda, Maryland  20814
(301) 657-0177

Counsel for Defendant, American Health Care Association

693549v1                                                    11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of July 2007 I caused a copy of the foregoing Answer and Counterclaim to be served, via first-class mail, postage prepaid, on the following named person:

David L. Rose
1320 19th St., NW
Suite 601
Washington, DC 20036
(202) 331-8555

*Counsel for Plaintiffs*

_____/s/_____
Stanley J. Reed

693549v1                                            12