UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE WITT, ETHEL J. BATTLE-LEE, JOE JOHNSON, SHERRIE CHAPMAN and BEVERLY ADAMS <br><br> PLAINTIFFS <br><br> v. <br><br> AMERICAN HEALTH CARE ASSOCIATION <br><br> DEFENDANT. | ) <br> ) <br> ) <br> ) <br> ) 1:07-cv-01128-HKK <br> ) <br> ) PLAINTIFFS/COUNTER <br> ) DEFENDANTS' ANSWER TO <br> ) DEFENDANT/COUNTER PLAINTIFF <br> ) AMERICAN HEALTHCARE <br> ) ASSOCIATION'S COMPLAINT <br> ) <br> ) <br> ) |

## PLAINTIFFS/COUNTER DEFENDANT'S ANSWER TO DEFENDANT/COUNTER PLAINTIFF AHCA'S COUNTERCLAIM

Plaintiffs/Counterdefendants Sherrie Chapman, Andre Witt, Ethel Lee, Joe Johnson and Beverly Chapman by and through counsel, submit the following Answers to Defendant/Plaintiff American Healthcare Association (AHCA) Counterclaim pursuant to Fed. R. of Civ. Pro. Rule 12(a). AHCA does not cite a single legal authority or state or federal statute in their Counterclaim. Defendant/Counterplaintiff's have failed to state a claim under which relief can be granted in their Counterclaim. Fed.R. of Civ. Pro. Rule 12 (b)(6). The Counterclaim is frivolous and was filed to harass the Plaintiffs/Counterdefendants and it should be dismissed.

Plaintiffs/Counterdefendants state as follows to the corresponding paragraphs in ACHA's Counterclaim:

1. Plaintiff/Counterdefendant Witt denies allegations in Paragraph 4 of the Counterclaim because they are false and misleading.

   Plaintiffs/Counterdefendants submitted documents in good faith during

settlement negotiations to AHCA's counsel. Sensitive documents were recovered by Plaintiffs/Counterdefendants after an ACHA employee ordered these documents to be sent to the loading dock outside of the AHCA headquarters. Plaintiffs' submitted the names of the BFI employees who were asked to take the confidential files along with 72 other documents on May 10, 2007 by facsimile and overnight courier to Counsel for AHCA Richard Vernon. See Exhibit 1, document #23. Plaintiff/Counterdefendant Andre Witt saw that these documents were being dumped and informed AHCA officials of the Federal regulations being violated. Defendant/Counterplaintiff's incorrectly assert that Mr. Witt in his former duty as Director of Operations and Facilities asked for the sign-in sheets located at the front desk. Mr. Witt was given those by a non-party to provide evidence that AHCA did not interview minorities for a position being vacated by a minority. See Decl. Witt, Exhibit 2.

2. Plaintiff/Counterdefendant Chapman denies allegations in Paragraph 4 of AHCA's Counterclaim. Allegations in Paragraph 4 are false and misleading. Plaintiff/Counterdefendant Chapman submitted documents to her attorney David L. Rose. Ms. Chapman did not disclose any documents to another party to compete against AHCA. See Decl. Chapman, Exhibit 3.

3. Plaintiffs/Counterdefendants deny all allegations in Paragraphs 1 through 9.

4. Plaintiffs/Counterdefendants should not be enjoined from providing evidence of inequity in salaries, job titles, promotions between White employees and African-American employees at AHCA and other discriminatory conduct by

AHCA. To do so would prejudice Plaintiffs/Counterdefendants. Plaintiffs/Counterdefendants acted in good faith in producing documents for a settlement prior to filing this action.

### Count 1

Plaintiffs/Counterdefendants have not conspired to commit a crime. They have not produced documents to another company or individual to compete against AHCA nor have they used documents to compete against AHCA Their conduct does not meet the necessary elements for a conspiracy pursuant to the federal laws and the laws of the District of Columbia.

### Count 2

Plaintiffs/Counterdefendants did not compete against AHCA when documents were provided to their attorney in an attempt to settle this matter before filing a lawsuit. Therefore, they did not breach their duty of loyalty to AHCA. *Riggs Inv. Management Corp. v. Columbia Partners, LLC*, 966 F.Supp 1250, 1263 (D.D.C. 1997).

### Count 3

Plaintiffs/Counterdefendants did not breach a fiduciary duty when documents were provided to their attorney in an attempt to settle this matter before filing a lawsuit. Therefore, they did not breach their fiduciary duty as employees of AHCA. *Riggs Inv. Management Corp. v. Columbia Partners, LLC*, 966 F.Supp 1250, 1263 (D.D.C. 1997).

**WHEREFORE,** Plaintiffs/Counterdefendants deny all allegations in AHCA's Counterclaim Plaintiffs/Counterdefendants and should not be enjoined from submitting documents to their attorney when documents relate to this matter. AHCA's Counterclaim is frivolous and intended to harass. Fed.R. of Civ. Pro. Rule 11(b)(1). AHCA's Counterclaim's should be dismissed because they have failed to state a claim under which relief can be granted. Fed.R. of Civ. Pro. Rule 12(b)(6). Plaintiffs/Counterdefendants ask this court to award damages as this court deems appropriate and attorney fees.

Respectfully submitted,

*/s/ Rouf for Dave L. Rose*
David L. Rose (DCB 376379)
Earlene W. Rosenberg (DCB 974273)
(Ms. Rosenberg's Application for admission to this court was filed on August 1, 2007)
Attorneys for Plaintiffs

# ROSE & ROSE

*A Professional Corporation*
*1320 19th Street, N.W.*
*Suite 601*
*Washington, D.C. 20036*
*Telephone: (202) 331-8555*
*Fax: (202) 331-0996*

*David L. Rose*
*daver@roselawyers.com*
*(202) 331-8555*

*Henry P. Gassner*
*hgassner@roselawyers.com*
*(202) 331-8557*

*Joshua N. Rose*
*josh@roselawyers.com*
*(202) 331-8556*

May 10, 2007

<u>By Fax & Overnight Courier</u>
Richard Vernon, Esq.
Lerch Early & Brewer
3 Bethesda Metro Center
Suite 460
Bethesda, MD  20814

Re:    Andre Witt, Sherrie Chapman, Ethel J. Battle-Lee, Joe Johnson and Beverly Adams v. AHCA

Mr. Vernon:

Our clients have provided a few hundred pages of additional documents.  I have attached the documents and listed them below.  I have also included a list of individuals willing to testify on behalf of my clients regarding discriminatory practices by AHCA.  Our clients would like to settle this matter.  We hope to hear from you by Friday, May 18, 2007 with a proposal for settlement.

Very truly yours,

David L. Rose
Attorney for Complainants

Enclosure

List of Documents

1. Salary worksheet dated Sept. 30, 2002

2. Worksheet with employee salaries listed

3. Statement from AHCA handbook regarding its policy to investigate complaints

4. Memorandum, August 24, 2006 to Jennifer Shimer from Beverly Adams, Sherrie Chapman, Jean Lee and Andre Witt

5. Emails between Joe Johnson to Paul McGee regarding Employee handbook on bonus pay, salary and personnel files dated June 14, 2006 and June 16, 2006

6. Administration Staff Tree for Andre Witt, former Dir. of Building and Facility Operations

7. Emails between Eileen Ramage and Andre Witt dated July 19 and July 20 2006 regarding Andre Witt seeking a temporary engineer after an employees death and another leaving for vacation. Kyle Vickers was previously provided with a temporary employee.

8. AHCA sign in sheet for interviewees to replace a minority signing in for an interview before the minority is given an opportunity to improve performance

9. Email from Pam Reardon to Eileen Ramage dated Feb. 25, 2003 regarding interviews for a minority employees position before the minority is allowed to improve performance

10. Note from Andre Witt, April 14, 2005, regarding meeting with Eileen Ramage to discuss salary increase

11. AHCA legal bills for Eileen Ramage regarding Mr. Witt

12. Email from Andre Witt to Eileen Ramage dated March 14, 2005 regarding title change

13. Email from Andre Witt to Eileen Ramage dated May 23, 2005 regarding Quatt Associates and issues regarding discrimination

14. Email from Bruce Yarwood to Andre Witt dated to October 9, 1998

15. Email regarding Sharon Wiltshire's position being abolished dated February 10, 1999

16. Email from Greg Lamb(African-American) to E. Ramage and Tom Martin dated January 31, 2004 email from Greg Lamb to Penny Prue dated February 3, 2005 regarding PDQ and Quatt evaluation

17. Email from Greg Lamb to Chip Roadman, John Derr and Penny Prue, Tom Martin and E. Ramage dated Feb. 29, 2004 regarding new grade pay

18. Email from Greg Lamb to T. Martin and Sherrie Chapman dated Jan. 21, 2004, email from Greg Lamb to E. Ramage dated Jan. 22, 2004, email from G. Lamb to P. Prue March 16, 2004 regarding Delegation of Assignments to Sherrie Chapman

19. Emails between Greg Lamb Tom Martin and Penny Prue regarding Eileen Ramage and Tom Martin requiring assignment logs from Greg Lamb. March 10, 2004 and March 16, 2004

20. Monster.com salary information for Facilities Director in Washington, DC used by Andre Witt when requesting increase in salary.

21. Notes taken by Andre Witt concerning improper disposal of confidential files and meeting concerning the files with Jennifer Shimer, Eileen Ramage, and Bruce Yarwood, October 19, 2006

22. Handwritten note from BFI employee John Gater who removed boxes with confidential information

23. Handwritten note by BFI employee Andre Broadnax regarding removing boxes with confidential information

24. Email from Andre Witt to Eileen Ramage dated March 14, 2005 regarding title change for Andre Witt

25. Email dated July 25, 2006 containing notes regarding meeting between Andre Witt and Bruce Yarwood

26. Handwritten note by Andre Witt dated 1/24/06 regarding conversation with Eileen Ramage concerning shredding confidential information. Mr. Witt was concerned he was unable to follow proper procedure of shredding information because of the insistence by Ms. Ramage to trash confidential documents.

27. Shredding service agreement with Cintas dated 10/17/06

28. Fact Act regarding federal law to shred confidential information.

29. Card for Cintas employee Scott Ryan

30. Copies of documents taken by BFI employees at Ms. Ramage's request

31. Copy of handwritten notes from Tom Turner dated January 24, 2006 regarding the confidential documents thrown out at the request of Eileen Ramage, handwritten notes typed by Andre Witt

32. Payment at Mr. Ramage's request to Watkins, Meegan, Drury & Co, LLC, Dennis Rosatelli and HR Team of work that could be done by individuals in this complaint but they are not allowed to do.

33. Memorandum from The Management Team(AHCA) to all employees on EEO, Harassment, Fairness and Openess dated July 29, 1998

34. Article of first lawsuit in 1996

35. Media release by previous attorney July 2, 1996

36. Notes by Andre Witt that Priscilla Shoemaker, General Counsel for AHCA, stated in a meeting on October 23, 2006 that the Human Resources department retaliates and works in an putative manner and that the department arbitrarily changes policies without informing staff dated October 25, 2006.

37. Memorandum from Jennifer Shimer to Beverly Adams, Jean Battle, Sherrie Chapman and Andre Witt dated November 13, 2006 regarding "Conclusions with respect to investigation of issues raised in your memo of June 23, 2006 and in subsequent group and individual meetings"

38. Organizational chart of AHCA dated June 29, 2000

39. Organizational chart of AHCA dated November 15, 2004

40. Organizational chart of AHCA

41. Organizational chart of AHCA dated March 15, 2006

42. Email from Jennifer Shimer to Beverly Adams dated September 29, 2006 regarding issues raised in June 23, 2006 memo

43. Email from Jennifer Shimer to Andre Witt dated August 15, 2006 regarding concerns of unfair treatment by AHCA

44. Email from Joe Johnson to Jennifer Shimer, dated July 21, 2006 regarding meeting with Shimer

45. Email from Joe Johnson to Eileen Ramage dated June 19, 2006 regarding personnel file, forwarded to Andre Witt
Handwritten note from Marla stating "you have a right" to view employee file

46. Memo from Andre Witt dated April 14, 2004 regarding Greg Lamb's work related stress

47. Handwritten notes dates May 7, 2004 by Andre Witt concerning treatment of Greg Lamb by Eileen Ramage

48. Handwritten note that Sherrie Chapman is afraid of losing job based on comments by Eileen Ramage dated October 17, 2006

49. Handwritten note of conduct by Bruce Yarwood towards African-American employees after they have raised issues concerning their salaries when compared to white AHCA employees dated October 25, 2006

50. Handwritten note dated May 23, 2005 concerning statement by Hal after African-American employees have raised concerns of discriminatory treatment "the door swings one way and that is out."

51. Notes from meeting between Andre Witt and Jennifer Shimer dated July 26, 2006 regarding the lack of due diligence taken by Eileen Ramage when minorities raise concerns of unfair treatment and wanting to meet as a group and not individually.

52. Emails between Andre Witt and Carole Jones concerning Bruce Yarwood dated October 27, 2006

53. Emails dated November 21, 2006 between Leola Brown and Andre Witt

54. Email from Andre Witt to Eileen Ramage dated May 23, 2005 concerning Quatt

55. Email from Andre Witt to Penny Prue dated May 7 2004 concerning conduct by Eileen Ramage and property of Greg Lamb

56. Email from Andre Witt to Jennifer Shiner dated July 24, 2006 negotiating meetings for Andre Witt, Sherrie Chapman, Beverly Adams and Jean Lee and AHCA

57. Email from Andre Witt to Jennifer Shimer and Bruce Yarwood dated October 18, 2006 regarding the need to solve ongoing problems with the Property Department

58. Emails between Bruce Yarwood and Elise Smith dated August 6, 2006 regarding member and staff data group meeting

59. Emails from Andre Witt to Eileen Ramage dated July 31, 2006 regarding Eileen hiring a replacement service Mr. Witt following complaints raised in June 23, 2006 memo

60. Emails between Andre Witt and Eileen Ramage dated January 3, 2006 regarding Ms. Ramage scheduling two meetings for staff on Martin Luther King Day a holiday observed by AHCA but not on other holidays.

61. Email from Bruce Yarwood dated June 6, 2006 to Andre Witt and Eileen Ramage concerning presentation Mr. Witt prepared but partial credit was given to Ms. Ramage

62. Email from Jeffrey Sturk dated March 18, 1997 concerning conduct by Bruce Yarwood and comment by Shirley Simpson

63. Email from Jim Smith to All Staff dated March 30, 2005 regarding the promotion of Dianne De La Mare to VP. Ms. De La Mare and Mr. Witt were promoted to Director at the same time.

64. Email from Jim Smith to All Staff dated March 30, 2005 regarding promotion of Elise Smith to VO. Ms. Smith and Mr. Witt were promoted to Director at the same time.

65. Handwritten note to Bruce Yarwood concerning whether he wishes to see email between Mr. Witt and Ms. Ramage

66. Emails given to Bruce Yarwood on October 24, 2006 by Andre Witt. The emails are between Mr. Witt and Ms. Ramage from July 6, 2006 through July 18, 2006

67. Memo to file by Andre Witt dated March 16, 2007 concerning Thomas Turner, Donnie Burch and John J. Kirlin

68. AHCA Organizational chart with employee salaries

69. Beverly Adams documents reflecting salary range in the Washington, DC area for her job title

Additions:

70. May 16, 2005 email from Janice Zalen to Andre Witt

71. Email from Andre Witt to Penny Prue

72. Memorandum to Jennifer Shimer September 28, 2006

<u>Individuals willing to testify on behalf of our clients:</u>
Penny Prue - Former VP of Admin & HR

Usha Gupta - Former Controller

Sri Rapaka - Former Sr. Accountant

Tom Martin – worked with Eileen Ramage

Priscilla Shoemaker – General Counsel

Tom Turner

Sherzon Simpson

William Spann

Oliver Whitehead

Marla Arrington

Leola Brown

Armeana Edwards

Dianne De la Mare

Carole Jones

## Declaration

I Andre Witt state that on January 24, 2006 Federal laws were broken by American Healthcare Association (AHCA) when boxes were sent to the loading dock containing sensitive information. Eileen Ramage asked Tom Turner, An AHCA employee, to remove these boxes. When one box opened Mr. Turner asked me to come to the loading dock with him. Upon reviewing the documents I realized they contained employees social security numbers, name of spouse and names of children. I informed President of AHCA Bruce Yarwood and Eileen Ramage of these violations immediately. I provided my attorneys with the names of the BFI employees John Garter and Andre Broadnax who were sent to collect these documents from AHCA. My attorneys provided a detailed description of this event to ACHA's counsel and the names of the BFI employees.

I confirmed that sending sensitive documents to be collected for recycling before being shred was a violation of the Fair and Accurate Credit Transaction ACT (FACTA) after contacting Scott Ryan of CINTAS. After speaking with Mr. Ryan I again informed Bruce Yarwood, Eileen Ramage and Jennifer Shimer, In-house counsel for AHCA of the need to follow FACTA guidelines. I provided these documents to my attorney as an example of AHCA's wrong doing which could have negatively impacted my employment as the Director of Operations and Facilities.

I was given the sign-in sheet from the AHCA lobby by a non-party. They were provided to show that AHCA was not interviewing a minority for a position being vacated by a minority.

I printed a list of the work being done by contractors which could have been done by African-American employees in my division. This was not a "bill" to AHCA. I provided these documents to my attorney as evidence of AHCA not providing African-Americans with

opportunities to do the work that was sent to a private contractor. African-American employees who could have done this work would have enhanced their chances for advancement. I also provided these documents to show that I, as a former Director, was not provided the same opportunity as White employees to send work to a contractor, to hire a temp or to hire a new employee after the death of an employee in my division caused a back log of work.

I Andre Witt state that these statements are true and accurate to the best of my knowledge and belief under penalty of perjury.

*Andre Witt*

Andre Witt

## Declaration

I Sherrie Chapman provided documents listing the salaries of American Healthcare Association (hereinafter AHCA) to my attorney only. These documents were presented to my attorney to show the differences in salaries, job titles and promotions between White employees and African-American employees at AHCA. I have never provided documents to a third-party to compete against AHCA.

Also, these documents were left in the xerox room on the printer for any employee to find.

I Sherrie Chapman hereby swear that this statement is true to the best of my knowledge and belief under penalty of perjury.

_Sherrie Chapman_
Sherrie Chapman